DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-196-FDW
(3:11-cr-156-FDW)

| | |
|---|---|
| JORGE ARMANDO RIOS SANDOVAL, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **ORDER** |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. No. 1).

## I. BACKGROUND

Petitioner pled guilty in the underlying criminal case to a single count of conspiracy to commit money laundering. (3:11-cr-156, Doc. Nos. 27, 29). The Court sentenced him at the bottom of the advisory guidelines range to 135 months' imprisonment, consecutive to any previous state or federal sentence. (3:11-cr-156, Doc. Nos. 39, 40). The Fourth Circuit Court of Appeals dismissed Petitioner's appeal pursuant to his plea agreement's appellate waiver. (3:11-cr-156, Doc. No. 55). The United States Supreme Court denied certiorari on October 3, 2016. Sandoval v. United States, 137 S.Ct. 228 (2016).

Petitioner filed the instant habeas petition on April 9, 2018. He claims to be challenging a "COMMERCIAL CONVICTION" in this petition "Procedural Errors and Constitutional Violation which Resulted in the CONVICTION of One who is Actually Innocent, 'Actual Innocence." (Doc. No. 1 at 2). He claims that (renumbered): (1) the Court lacked subject-matter

1

and personal jurisdiction over his criminal case; and (2) the charging documents were defective and void. He claims that he did not raise these claims sooner due to the ineffective assistance of counsel. He states that "§ 2255 is NOT the proper form" to bring this challenge because "The Affiant, Mr. Jorge Armando Rios Sandoval, whom is being HELD, Incarcerated against His Will, under Color of Law."[1] (Doc. No. 1 at 5).

## II. STANDARD OF REVIEW

Where an inmate challenges the execution of his sentence, a writ of habeas corpus under Section 2241 is the appropriate remedy. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). On the other hand, an action collaterally attacking the validity of the conviction or imposition of the sentence should be filed as a motion to vacate under 28 U.S.C. § 2255.

A petition attacking custody resulting from a federally-imposed sentence may be filed under § 2241 instead of § 2255 where the petitioner establishes the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); see also United States v. Wheeler, 886 F.3d 415, 419 (4th Cir. 2018) (extending the savings clause to fundament sentencing errors). Section 2255 is not inadequate or ineffective merely because an

---

[1] Petitioner has not been provided with warnings pursuant to United States v. Castro, 540 U.S. 375 (2003), because he states that he does not wish to seek relief pursuant to § 2255.

individual is unable to obtain relief under that provision. See Jones, 226 F.3d at 333. The petitioner bears the burden of presenting evidence that affirmatively shows the § 2255 remedy is inadequate or ineffective. See Hood v. United States, 13 Fed. Appx. 72 (4th Cir. 2001).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without a response from the Government and without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner presently attempts to attack the validity of his conviction and sentence and therefore is in the nature of a § 2255 motion to vacate rather than a § 2241 habeas petition. However, he has specifically stated that he does not seek relief under § 2255 so the petition will not be recharacterized as such. Petitioner's only recourse, then, is to demonstrate that he can proceed pursuant to § 2241 under the savings clause. He has failed to do so. He does not explain why § 2255 is an inadequate or ineffective means of challenging the validity of his detention. The fact that such a petition would now be time-barred does not demonstrate that § 2255 is inadequate or ineffective. See generally Jones, 226 F.3d at 333.

Because Petitioner has failed to invoke the savings clause, this Court cannot rule on the merits of his claims and the § 2241 Habeas Petition will be dismissed.

### IV. CONCLUSION

The instant § 2241 Habeas Petition is, therefore, dismissed.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Doc. No. 1), is **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 28, 2018

Frank D. Whitney
Chief United States District Judge